AIDMAN v. ENTERPRISES OF MAX RABINOFF.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

APPEAL AND ERROR (§ 1015*)—REVIEW—GRANT OF NEW TRIAL—INSUFFICIENT GROUNDS.

    Where the evidence was conflicting, the order setting aside a verdict recites no grounds for granting it, no opinion was written, and the record fails to disclose any sufficient reason for setting aside the verdict, it will be reinstated especially where two juries have reached the same conclusion.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1015.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Dorothy E. Aidman against Enterprises of Max Rabinoff. From an order setting aside a verdict for plaintiff, she appeals. Reversed, and verdict reinstated.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry Zacks, of New York City, for appellant.

William Klein, of New York City, for respondent.

PER CURIAM. This is an action under a contract of employment. The plaintiff claims that she was wrongfully discharged. The defendant contended that the plaintiff left the employ of the defendant of her own accord. These conflicting contentions presented the issues of fact which the court below submitted to the jury. The jury returned a verdict in favor of the plaintiff, which, upon motion of the defendant, the court set aside.

The order setting aside the verdict does not recite the grounds upon which the motion was granted, nor did the learned court below write any opinion in disposing of the motion. A review of the record has failed to disclose any sufficient reason for setting aside the verdict of the jury. This case has now been twice tried and submitted to two juries. In both instances, the verdicts of the jury have been rendered in favor of the plaintiff.

Order reversed, with costs, and verdict reinstated, with costs.